*59 OPINION.
Green:
The petitioners, in each proceeding, abandoned all issues raised by their petitions and the proof in support of those raised in the amended petitions permits us to consider them only to a limited extent.
The petitioners contend that the statute of limitations has run. To say that it has not, is sufficient. Neiman-Marcus Co. v. Commissioner, 11 B. T. A. 1036.
The petitioners insist that they were correct in computing the income of the partnership on the cash receipts and disbursements basis and that consequently the Commissioner erred when he made inventory adjustments and computed the income of the partnership on the accrual basis and computed the partners’ distributive share of the income as thus determined.
Under the provisions of section 212(b) of the Revenue Acts of 1918 and 1921, the petitioners were required to compute their net income in accordance with the methods employed in keeping their books; but if the methods employed did not clearly reflect the net income, the computation must be upon such basis and in such manner *60 as in the opinion of the Commissioner will clearly reflect the net income. It is obvious from the record that the books of account were kept partly on the cash receipts and disbursements basis and partly on the accrual basis. In reporting their income they reported only the cash receipts and disbursements. The Commissioner has exercised the discretionary power conferred upon him by statute and has made the computation of net income upon the accrual basis.
It is apparent that in setting up the opening and closing inventories the Commissioner endeavored to properly adjust the petitioners’ perpetual inventories.' At the trial considerable evidence was offered to show that the original partnership return for the year 1920 as made was correct but no effort was made to show wherein the Commissioner erred in computing the income upon an accrual basis.
The real point at issue is the method to be used in computing the net income. We are of the opinion that this partnership, engaged as it was in a wholesale and retail hardware business, buying principally on credit and making the major portion of its sales on credit, can not properly reflect its income on a cash receipts and disbursements basis and that the Commissioner was correct in computing the net income by the accrual method.
The burden of proof was upon the petitioners to show any errors in the Commissioner’s computation under the accrual method. Since no evidence has been introduced showing any errors, the Commissioner is sustained.

Judgment will he entered for the respondent.